NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1183

FLATHEAD CONTRACTORS, LLC,

Appellant,

v.

Ed Schafer, SECRETARY OF AGRICULTURE,

Appellee.

Joseph A. Yazbeck, Jr., Yazbeck, Cloran & Hanson, LLC, of Portland, Oregon for appellant.  Of counsel was David H. Bower.

David S. Silverbrand, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for appellee.  With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.

Appealed from:  United States Civilian Board of Contract Appeals

Administrative Judge Howard A. Pollack

# United States Court of Appeals for the Federal Circuit

2008-1183

FLATHEAD CONTRACTORS, LLC,

Appellant,

v.

Ed Schafer, SECRETARY OF AGRICULTURE,

Appellee.

Appeal from the United States Civilian Board of Contract Appeals in no. 118-R, Administrative Judge Howard A. Pollack.

_____

DECIDED:  November 10, 2008

_____

Before LOURIE, RADER, and PROST, Circuit Judges.

LOURIE, Circuit Judge.

## DECISION

Flathead Contractors, LLC appeals from a final decision of the United States Civilian Board of Contract Appeals ("Board").  Flathead Contractors, LLC, v. Dept. of Agriculture, C.B.C.A. 118-R (April 20, 2007).  Because the Board did not err in its decision, we affirm.

## BACKGROUND

Flathead Contractors entered into Contract No. 50-04R3-4-0002, Touchet Paving/Road 64, with the Department of Agriculture.  The contract called for the reconstruction of 7.23 miles of a double-lane road on Forrest Road 6400 near Umatilla

National Forest in Washington State. Under the terms of the contract, Flathead Contractors agreed to place retaining rock and Grading A material along the side of approximately one-half mile of the road. The contract stipulated that appellants would be paid $16.67 per cubic yard of Grading A material laid.

During excavation, rock was found on site that was appropriate for use as retaining material, in lieu of Grading A material. Flathead Contractors proposed substituting the local rock in place of the Grading A material, and the Contracting Officer's Representative approved that request.

During construction, the dimensions of the retaining wall were modified and Flathead Contractors felt that additional material would have to be used to complete the road. It requested an increase in the amount of Grading A material allowed under the contract. The Contracting Officer denied the request on November 24, 2004, finding that a "change in work," as defined in the contract, had not occurred and that the contract did not provide for payment unless the change in quantity exceeded 15 percent. Flathead Contractors appealed the denial to the Board.

On April 20, 2007, the Board reversed the Contracting Officer's decision. The Board found that a change in work had occurred and that Flathead Contractors was entitled to compensation for the additional material used. The Board found that 26 additional cubic yards of Grading A material and 505 additional cubic yards of the replacement material had been used in fulfilling the change in the contractual design. As to the amount due Flathead Contractors, the Board awarded different rates of payment for work performed using Grading A material and work performed using the replacement material. For the additional Grading A material used, the Board used the

unit price specified in the contract, $16.67 per cubic yard. For the excavated rock used in lieu of Grading A material, the Board established a price of $10.13 per cubic yard. The difference in price reflected the Board's finding that the use of the excavated rock entailed lower preparation costs than the use of Grading A material.

On October 2, 2007, the Board denied both parties' motions for reconsideration. Flathead Contractors timely appealed to this court. We have jurisdiction pursuant to 41 U.S.C. § 607(1)(A).

## DISCUSSION

Our review of Board decisions is governed by 41 U.S.C. § 609(b). Legal conclusions of the Board are neither final nor conclusive and we review such conclusions de novo. Id.; United States v. Dekonty Corp., 922 F.2d 826, 827 (Fed. Cir. 1991). Contract interpretation is an issue of law that we review de novo. R.B. Wright Constr. Co. v. United States, 919 F.2d 1569, 1571 (Fed. Cir. 1990); 41 U.S.C. § 609(b). Notwithstanding this lack of deference, we carefully consider the Board's expertise in interpreting government contracts. Erickson Air Crane Co. v. United States, 731 F.2d 810, 814 (Fed. Cir. 1984). We can only overturn a Board's factual findings if "the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. § 609(b).

On appeal, Flathead Contractors argues that Specification 105.05(a) of the contract controls the price to be paid for the additional material used in construction of the road. According to Flathead, that price is the full contractual unit price for Grading A material: $16.67 per cubic yard.

The government responds that Specification 105.05(a) only applies to the contractually stipulated amount of Grading A or substitute material. The government contends that Specification 105.05(a) has no affect on, and does not stipulate a price for, the use of materials in excess of contractual amounts. The government claims that the Board was correct in establishing an equitable price for the replacement materials in accordance with the change in the contract work.

We agree with the government that the Board did not err in its decision to establish an equitable rate for the use of the replacement materials. The dispute in this case is resolved by arriving at the proper interpretation of Specification 105.05(a) of the contract. Appellants would have this court read that specification to require payment of the full contract unit price for the use of substituted material, whereas the government claims that the contract is silent as to the price to be paid for such use and that the Board was entitled to determine suitable payment for the substituted material.

Specification 105.05(a) reads as follows:

(a) With the written approval of the CO, suitable stone, gravel, sand and other material found in the excavation can be used in the project. <u>Payment will be made both for the excavation of such materials at the corresponding contract unit price and for pay items for which excavated material is used</u>. Replace, without additional compensation, sufficient suitable materials to complete the portion of the work that was originally contemplated to be constructed with such material.

(emphasis added).

Flathead Contractors urges this court to interpret the second sentence of Specification 105.05(a) as applying the contract unit price of $16.67 per cubic yard to the use of the excavated material for "pay items." We disagree with that interpretation. The second sentence clearly differentiates between the "excavation of such materials,"

2008-1183

for which the contract unit price applies, and "pay items for which excavated material is used," for which no unit price is specified. The Specification requires "payment" for substituted material used for "pay items," but it does not provide the rate at which such items are to be compensated. Had the parties intended to pay the contract unit price for both excavation and "pay items," the phrase "at the corresponding contract unit price" would have been placed at the end of the sentence. That is not how the contract was written. Therefore, the text of Specification 105.05(a) is silent as to the price to be paid for "pay items" for which the excavated material was substituted.

The context in which the specification at issue is used in the contract provides further support for our holding. The contract contains a line item for rock excavation, and a line item for Grading A material. The use of distinct line items for excavation and Grading A material demonstrates that the drafting parties anticipated separate payment schemes for the excavation and the use of the substituted material. Appellant has been paid for its excavation efforts according to the line item in the contract, as Specification 105.05(a) requires. Appellant is not entitled to the contractual unit price for the "pay items" for which the excavated materials were used.

As for the Board's decision to award $10.13 per cubic yard for use of the excavated material, that award was based on the Board's findings of lower material costs for the excavation materials than for the Grading A material. Such findings are findings of fact, over which we have limited review. Indeed, Flathead Contractors does not dispute those findings on appeal. We therefore affirm the Board's award.

AFFIRMED

2008-1183

-5-